UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 03-0287 MJJ |
| Plaintiff(s), | **ORDER MODIFYING SUPERVISED RELEASE AND JUDGEMENT** |
| v. | |
| LENZIE ELLIS, | |
| Defendant(s). | |

This matter came on pursuant to an Order to Show Cause why supervised release should not be revoked. Defendant appeared in person with his attorney Michael Hinckley. The United States was represented by Assistant United States Attorney Alexis Hunter.

The defendant was advised of the following:

1. His right to a hearing on the alleged violations of supervised release;
2. His right to confront and cross-examine witnesses;
3. His right to produce evidence and witnesses at the hearing without cost to him if he could not afford the same;
4. His right to continue to have court appointed counsel represent him throughout the proceedings; and
5. The nature of the revocation proceedings and the consequences if a violation was found and supervised release revoked or modified.

The court finds that defendant was fully advised of his constitutional and statutory rights in connection with these proceedings either as a basis for modification or revocation; that he fully understands the nature of the proceeding and the defenses that he may assert in the proceeding; that he fully understands the consequences of the proceeding; and that he freely and voluntarily waives his right to a hearing, his counsel consenting thereto.

The court finds that the defendant has admitted to the violations as alleged in the petition to revoke and that such violations are sufficient cause to revoke supervised release.

The court finds that the defendant having submitted the matter upon the allegations of the petition and waiving his right to a hearing, has violated the following conditions of his supervised release:

Charge 2: Violation of Special Condition that he participate in a program of tresting and treatment for drug and alcohol abuse as directed by the US Probation Officer. On April 24, 2006, the offender was enrolled into drug and alcohol treatment that included testing. The offender failed to appear for scheduled urine testing on May 18, and June 16 and 21, 2006. Evidence of this charge is contained in the records of Weyland Consultations, Inc.

Charge 3: Violation of Special Condition that he participate in a program of tresting and treatment for drug and alcohol abuse as directed by the US Probation Officer. On April 24, 2006, the offender was enrolled into drug and alcohol treatment that included testing. The offender failed to appear for scheduled urine testing on May 10, and June 10 and 21, 2006. Evidence of this charge is contained in the records of Weyland Consultations, Inc.

Charge 4: Violation of Special Condition that he not use any controlled substance. On July 10, 2006, the offender submitted a urine specimen that tested positive for marijuana. Evidence for this charge is contained in the records of Scientific Testing Laoratories.

Based on the foregoing,

IT IS ADJUDGED that supervised release be and is hereby **MODIFIED** and that defendant shall **participate in a Half-Way House for a total of 45 days.** Location is to be determined by the U.S. Probation Officer. All other terms and conditions remain in effect.

Dated: 8/31/2006

MARTIN J. JENKINS
United States District Court

2