JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

NICOLE M. KIM (NYBN 4435806)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California
    Telephone:  (415) 436-6401
    Facsimile: (415) 436-6982
    E-Mail:  nicole.kim@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-03-00287 MJJ |
| ) | |
|     Plaintiff, ) | |
| ) | [~~PROPOSED~~] ORDER OF DETENTION |
|     v. ) | |
| ) | |
| LENZIE ELLIS, ) | |
| ) | |
|     Defendant. ) | |

## I.  INTRODUCTION

This matter arises out of a "Form 12" petition from U.S. Probation for an arrest warrant for Lenzie Ellis, a convicted criminal defendant on supervised release from an underlying conviction for 18 U.S.C. § 922(g)(1), a Class C felony.  A detention hearing on this matter was conducted on March 25, 2008.  Defendant Lenzie Ellis was present in custody and represented by attorney Mary McNamara.  Assistant U.S. Attorney Nicole Kim appeared on behalf of the United States, and U.S. Probation was represented by Probation Officer Octavio Magana.  The Court has carefully considered the arguments of the Government, the defendant's counsel and U.S. Probation.  For the reasons set forth herein, the Court orders that the defendant be detained.

## II. RELEVANT LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, and Federal Rule of Criminal Procedure 32.1, set forth the standard for detaining an individual charged with violating the terms of his supervised release. Specifically, "[t]he magistrate judge must release or detain the person under 18 U.S.C. § 3143(a)," and "[t]he burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed.R.Crim.P. 32.1(a)(6). 18 U.S.C. § 3143(a)(1), in turn, states that such an individual shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released [on bond]."

## III. BACKGROUND AND RELEVANT FACTS

On September 27, 2007, a Second Amended Petition for Summons for Offender Under Supervision (hereinafter the "Petition") was filed in the Northern District of California. In the Petition, defendant Lenzie Ellis was charged with seven violations of the conditions of his supervised release, which commenced on February 3, 2005.

According to the Petition, the defendant incurred two criminal charges while on supervised release. In connection with the defendant's January 2007 cocaine possession conviction, he fled from police officers who were trying to conduct a warrant service. Specifically, the defendant ignored the officers' command to stop running, jumped over a fence, and attempted to run away. In addition, the defendant's May 2007 grand theft conviction arose out of his robbing an individual at gunpoint. The defendant has also failed to appear before the Honorable James Larson on January 26, 2007, despite the fact that the defendant had been sent a summons and informed by his state parole officer to report to U.S. Probation.

The defendant has also been non-compliant with the conditions of his supervised release. Specifically, the defendant has failed on numerous occasions to report to U.S. Probation as directed, failed to attend treatment and drug testing as directed, and even lied to his state parole officer about meeting with U.S. Probation.

## IV. FINDINGS AND ORDER

Accordingly, and based on the evidence noted above, the Court finds that the defendant has failed to meet his burden of establishing by clear and convincing evidence that he is not likely to pose a danger to the community and is not a flight risk, no matter the conditions imposed. The Court reaches this conclusion based on the defendant's past criminal history and conduct, which include fleeing from the police, robbing an individual at gunpoint, failing to appear in court, and failing on numerous occasions to report to U.S. Probation and comply with the conditions of his supervised release. Therefore, pursuant to 18 U.S.C. § 3143(a), IT IS ORDERED THAT:

1. The defendant, Lenzie Ellis, be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility pending disposition of the alleged supervised release violations;
2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and
3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding in this matter.

March 31, 2008



HON.
UNITED STATES MAGISTRATE JUDGE